IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                      PETITIONER

VS.                       CIVIL CASE NO. 07-CV-1011
                     CRIMINAL CASE NO. 98-CR-10005-001

ROBERT ROBINSON                                               RESPONDENT

## ORDER

Before the Court is Motion to Vacate, Set Aside, and/or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed on behalf of the Petitioner, Robert Robinson.  After review of the motion and the entire record herein, the Court finds that the motion should be dismissed.

The Petitioner, Robert Robinson, was convicted on two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) on December 7, 1998.  On February 22, 1999, he was sentenced to 360 months imprisonment, followed by eight years of supervised release, and assessed a fine of $2,000.00.

Robinson did not pursue any direct appeals.  He has, however, sought to attack his conviction and sentence via numerous motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and petitions for writ of habeas corpus pursuant to 28 U.S.C. § 224.

On August 2, 2000, Robinson filed his first post conviction pleading pursuant to 28 U.S.C. § 2255.  On November 17, 2000, the motion was dismissed as time barred by the limitations provisions of 28 U.S.C. § 2255.  Robinson appealed the Court's ruling to the United States Court of Appeals for the Eighth Circuit.  On April 24, 2001, the appeal was dismissed by the Court of Appeals for lack of jurisdiction.

On January 22, 2003, Robinson filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On the same date, Robinson also filed with the Court of Appeals an application for leave to file a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

This Court found that Robinson's § 2241 petition was in fact a petition pursuant to § 2255 in that it attacked the validity of his conviction and sentence. The Court dismissed Robinson's petition for lack of jurisdiction because Robinson had not obtained authorization to file a successive § 2255 from the Court of Appeals.

On March 12, 2003, the Court of Appeals denied Robinson's petition for authorization to file a successive habeas application in the district court.

On March 25, 2003, Robinson filed a second § 2241 petition with this Court. Again, the Court found that Robinson's § 2241 petition was in fact a motion challenging his conviction pursuant to § 2255. And, again, the Court dismissed Robinson's petition for lack of jurisdiction.

On January 27, 2004, Robinson filed a Notice of Appeal directly with Court of Appeals. On March 2, 2004, the Court of Appeals denied Robinson authorization to file a successive habeas application in the district court.

On October 18, 2005, Robinson filed with the Court of Appeals another application for leave to file a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On December 2, 2005, Robinson filed another § 2241 petition with this Court. Again, the Court found that Robinson's § 2241 petition was in fact a petition pursuant to § 2255 in that it attacked the validity of his conviction and sentence. The Court dismissed Robinson's petition for lack of jurisdiction because Robinson had not obtained authorization to file a successive

§ 2255 from the Court of Appeals.

On April 21, 2006, the Court of Appeals denied Robinson's petition for authorization to file a successive habeas application in the district court.

Robinson has now filed this pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Before a district court may consider a second or successive § 2255 motion, the movant must first obtain authorization from the appropriate court of appeals.  28 U.S.C. § 2255 (movant must obtain leave from the appropriate court of appeals authorizing the district court to consider second or successive § 2255 application); *Vancleave v. Norris,* 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not unconstitutional suspension of the writ of habeas corpus); *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)(only the court of appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris,* 958 F.Supp. 426, 431 (E.D.Ark. 1996)(citing *Nunez*).  Robinson has not received permission from the Court of Appeals to file a second or successive § 2255 motion.  In fact, he has been denied such authorization on three separate occasions.   Therefore, this Court lacks jurisdiction to consider Robinson's pending § 2255 motion.  *United States v. Avila-Avila,* 132 F.2d 1347, 1348-49 (10th Cir. 1997).

Accordingly, the Court finds that Petitioner Robert Robinson's Motion to Vacate, Set Aside, and/or Correct Sentence Pursuant to 28 U.S.C. § 2255 should be and hereby is **dismissed**.

IT IS SO ORDERED, this 14th day of February, 2007.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge