IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                             RESPONDENT

v.                              Civil No. 1:07cv1046
                                Crim. No. 1:98cr10005

ROBERT ROBINSON                                                             MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by ROBERT ROBINSON, (hereinafter referred to as "Movant") an inmate confined in the Federal Bureau of Prisons. This is Movant's seventh post-conviction pleading filed in this Court attacking his underlying conviction and sentence. The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**1. Procedural Background**:

The Movant was convicted on two counts of distribution of cocaine base in violation of Title 21 U.S.C. § 841(a)(1) on December 7, 1998. On February 22, 1999, he was sentenced to 360 months imprisonment, followed by eight years of supervised release, and assessed a fine of $2,000.00. The Movant did not pursue any direct appeals. He has, however, sought to attack his conviction and sentence *via* numerous motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and petitions for writ of *habeas corpus* pursuant to 28 U.S.C. § 224. A summary of those prior pleadings follows:

**A. First Post-Conviction pleading**: On August 2, 2000, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On November 17, 2000, the motion was

dismissed as time barred by the limitations provisions of 28 U.S.C. § 2255. Movant appealed the Court's ruling to the United States Court of Appeals for the Eighth Circuit (hereinafter "Eighth Circuit"). On April 24, 2001, the appeal was dismissed by the Eighth Circuit for lack of jurisdiction.

**B. Second Post-Conviction pleading**: On January 22, 2003, Movant filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. On the same date, Movant also filed with the Eighth Circuit an application for leave to file a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This Court found that Movant's § 2241 petition was in fact a petition pursuant to § 2255 in that it attacked the validity of his conviction and sentence. The Court dismissed Movant's petition for lack of jurisdiction because Movant had not obtained authorization to file a successive § 2255 from the Eighth Circuit. On March 20, 2003, the Eighth Circuit denied Movant's petition for authorization to file a successive habeas application in the district court.

**C. Third Post-Conviction pleading**: On March 25, 2003, Movant filed a second § 2241 petition with this Court. Again, the Court found that Movant's § 2241 petition was in fact a motion challenging his conviction pursuant to § 2255. Again the Court dismissed Movant's petition for lack of jurisdiction. On January 27, 2004, Movant filed a Notice of Appeal directly with the Eighth Circuit. On March 2, 2004, the Eighth Circuit denied Movant authorization to file a successive *habeas* application in the district court.

**D. Fourth Post-Conviction pleading**: On October 18, 2005, Movant filed with the Eighth Circuit another application for leave to file a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This application to file a successive motion was denied by the Eighth Circuit on April 21, 2006.

**E. Fifth Post-Conviction pleading**: On December 2, 2005, Movant filed another § 2241

petition with this Court. Again, the Court found that Movant's § 2241 petition was in fact a motion pursuant to § 2255 in that it attacked the validity of his conviction and sentence. The Court dismissed Movant's petition for lack of jurisdiction because Movant had not obtained authorization to file a successive § 2255 motion from the Eighth Circuit.

**F.  Sixth Post-Conviction pleading**:  On February 14, 2007, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.   This Motion raised three separate instances of ineffective assistance of counsel as grounds for relief:  (1) counsel failed to disclose a plea bargain offer prior to trial; (2) counsel failed to notify Movant of "information that would have changed how the client viewed case and his decision to go to trial;" and (3) a juror was employed by the Arkansas Department of Corrections and did not disclose this fact during jury selection.  This Court again dismissed the motion as a successive petition finding that Movant had not received permission from the Eighth Circuit to file a second or successive § 2255 motion, and that absent such authority from the Eighth Circuit the Court lacked jurisdiction to consider a successive § 2255 motion.

**G.  Seventh Post-Conviction pleading**:  On May 25, 2007, Movant filed the instant motion to vacate, set aside, or correct sentence pursuant to § 2255.   He raises the exact grounds as were raised in the motion filed on February 14, 2007.   In fact, a review of the February 14, 2007, motion and the instant motion reveal that they are identical, except that on the last page Movant has scratched out the date he signed the February 14, 2007, motion and inserted a new signing date. Movant appears to have photocopied the previous dismissed motion and submitted the same pleading for filing a second time.

**2. Applicable Law**:

As this Court has stated on several previous occasions in this very case, before a district court may consider a second or successive § 2255 motion, the Movant must first obtain authorization from the appropriate court of appeals, in this case the United States Court of Appeals for the Eighth Circuit.  *See* 28 U.S.C. § 2255 (movant must obtain leave from the appropriate court of appeals authorizing the district court to consider second or successive § 2255 application); *see also, Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not an unconstitutional suspension of the writ of *habeas corpus*); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(only the court of appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D.Ark. 1996)(*citing Nunez*).

**3. Discussion**:

In the present motion, Movant again attacks his underlying conviction and sentence.  He raises the exact issues raised in a previous motion filed in this court and dismissed on February 14, 2007.  The instant Motion to Vacate, Set Aside or Correct Sentence is a "successive" motion under §2255, and cannot be filed without permission from the Eighth Circuit.

There is no doubt that Movant knows of the requirement to obtain the permission of the Court of Appeals before filing a successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  He has sought permission from the Eighth Circuit to file a successive petition on more than one occasion.  (Doc. 64, 77).   In reference to the pending motion,  Movant has not received permission from the Eighth Circuit to file a second or successive § 2255 motion. In fact, he has been denied such authorization on multiple occasions prior to filing the instant motion. Therefore, this Court lacks jurisdiction to consider Movant's pending § 2255 motion. *United States*

v. *Avila-Avila*, 132 F.2d 1347, 1348-49 (10th Cir. 1997).

**4. Sanctions**:

As noted above, Movant has filed seven motions to vacate or petitions for habeas corpus in this Court, each attacking his underlying criminal conviction and sentence. As a result of the dismissal of five of those pleadings as successive motions or petitions, he clearly knows that this court lacks jurisdiction to consider any such attack on his underlying criminal conviction, unless he first receives permission from the Eighth Circuit. Movant's actions in repeatedly filing either a motion or petition for habeas corpus attacking his underlying criminal conviction and sentence constitutes abuse of the judicial system. Movant should be restricted from filing further pleadings attacking the underlying conviction and sentence, unless the United States Court of Appeals for the Eighth Circuit first grants Movant authority to do so.

**5. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence (Doc. 94) be denied and dismissed as frivolous.[1] I recommend that as a sanction for his repeated abuse of the judicial system, the Clerk of this Court be directed not to accept future pleadings from the Movant which relate to his underlying criminal conviction and sentence, unless the United States Court of Appeals for the Eighth Circuit has expressly authorized Movant to file such pleading. I recommend that Movant be warned that sanctions, including monetary sanctions, may be imposed for further frivolous filings in this matter. Further, pursuant

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir.1984).

to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **3rd day of August, 2007.**

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE