IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                      RESPONDENT

v.                                          No. 1:98-cr-10005
                                            No. 1:16-cv-1034

ROBERT ROBINSON                                                                      MOVANT


**AMENDED REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 138) filed herein by ROBERT ROBINSON, (hereinafter referred to as "ROBINSON"), an inmate confined in the Federal Bureau of Prisons. This is ROBINSON's ninth post-conviction pleading filed in this Court attacking his underlying conviction and sentence. The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On May 25, 2016, I entered a Report and Recommendation, recommending this Motion be denied as successive. ECF No. 138. Thereafter, United States District Judge Harry F. Barnes appointed the Federal Defender to review ROBINSON's case to determine if *Johnson vs. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) arguably provided him relief from the sentence imposed in this case. I enter this Amended Report and Recommendation, to take into account that issue.

**1. Procedural Background**:

ROBINSON was convicted on two counts of distribution of cocaine base in violation of Title 21 U.S.C. § 841(a)(1) on December 7, 1998. On February 22, 1999, he was sentenced to 360 months imprisonment, followed by eight years of supervised release, and assessed a fine of $2,000.00.

-1-

ROBINSON did not pursue any direct appeals. He has, however, sought to attack his conviction and sentence *via* numerous motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and petitions for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. A summary of those prior pleadings follows:

 A. **Prior Motions pursuant to § 2255:** ROBINSON has filed at least seven (7) prior motions for relief pursuant to § 2255. All were denied. The first denial was based on the statute of limitations and the others were based upon a failure to obtain permission from the Eight Circuit to file a successive petition. A full summary of these prior motions is set out in the Report and Recommendation of the undersigned filed in this case on August 3, 2007 and will not be repeated here. ECF No. 101. The Court ordered that no future pleading from ROBINSON be accepted by the Clerk regarding his conviction and sentence unless the Eighth Circuit had given him express authority to file such pleading. ECF No. 104, p. 3.

 B. **Motion for Retroactive Application of Guidelines**: On April 17, 2008, ROBINSON filed a Motion seeking retroactive application of the revised United States Sentencing Guidelines. ECF No. 109. This Motion was denied on August 7, 2008. ECF No. 115. The Eighth Circuit summarily affirmed this denial on September 5, 2008. ECF No. 124-1.

 C. **Motion to Withdraw Guilty Plea:** ROBINSON next filed a Motion to withdraw his guilty plea. ECF No. 126. He claimed he had told the Court at his sentencing in 1999 that he was not guilty. ECF No. 126, p. 2. He also raised other previously made claims. The court found ROBINSON had never entered a plea of guilty; rather, he convicted at trial by a jury. ECF No. 131. Thus, this motion was denied. *Id.*

 D. **Motion to Reduce Sentence Pursuant to § 3582(c)(2):** ROBINSON filed a motion for

sentence reduction pursuant to the amendments to the United States Sentencing Guidelines calling for retroactive application of USSG § 2D1.1, the drug quantity table. ECF No. 129. The Court appointed the Federal Defender to assist him in seeking this reduction. After review of the case, the Federal Defender concluded no sentence reduction was available because ROBINSON was sentenced as a career offender pursuant to USSG § 4B1.1 rather than pursuant to the drug quantity table. ECF No. 134. On December 1, 2015, the Court denied the Motion. ECF No. 137.

**E. Instant Motion**: On May 2, 2016, ROBINSON filed the instant Motion to Reduce Sentence pursuant to § 2255. To avoid the Court's prior order to the Clerk not to accept any future § 2255 motions from ROBINSON, he filed the instant Motion initially in the Western District of Missouri. ECF No. 139. That Court properly transferred the case to this Court.

**2. Discussion:**

As this Court has stated on several previous occasions in this very case, before a district court may consider a second or successive § 2255 motion, ROBINSON must first obtain authorization from the appropriate court of appeals, in this case the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2255. ROBINSON must obtain leave from the appropriate court of appeals authorizing the district court to consider second or successive § 2255 application. *See Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not an unconstitutional suspension of the writ of *habeas corpus*); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(only the court of appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D.Ark. 1996)(*citing Nunez*). ROBINSON has failed to obtain this authorization, and his Motion should be denied.

Further, I have reviewed the instant Motion and can find no actual request for relief from the

sentence imposed in this case. Rather, ROBINSON makes very vague and unclear claims about mental health treatment and intellectual property rights. He makes no recognizable attack on his sentence.

As a result of the foregoing, I recommended denial of the Motion as successive in the Report and Recommendation dated May 25, 2016. ECF No. 140. ROBINSON objected (ECF No. 141) and sought appointment of counsel (ECF No. 142). On June 13, 2016, United States District Judge Harry F. Barnes granted the Motion for Counsel and appointed the Federal Public Defender to represent ROBINSON. This appointment was limited to any claim that might be cognizable based upon *Johnson vs. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). On June 24, 2016, the Federal Defender, filed his Motion to Withdraw (ECF No. 143) stating there was no claim available to ROBINSON based on *Johnson v. United States*. ECF No. 143, p. 2.

As ROBINSON's Motion is successive and filed without permission from the Eighth Circuit and because he has no cognizable claim under *Johnson vs. United States*, the Motion should be denied as successive.

**3.  Sanctions**:

As noted above, ROBINSON was convicted by a jury and legally sentenced by this Court. He has now filed eleven (11) filed separate post-conviction motions to vacate or petitions for habeas corpus in this Court, each attacking his underlying criminal conviction and sentence. This Court on numerous occasions has instructed ROBINSON he must obtain permission from the Eight Circuit prior to proceed here. He continues to ignore this directive.

**4.  Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set

Aside or Correct Sentence (Doc. 138) be denied and dismissed as frivolous.[1]  I again recommend that as a sanction for his repeated abuse of the judicial system, the Clerk of this Court be directed not to accept future pleadings from ROBINSON which relate to his underlying criminal conviction and sentence unless the  United States Court of Appeals for the Eighth Circuit has expressly authorized ROBINSON to file such pleading.  I recommend any such pleading be simply returned to ROBINSON without filing in this Court.   Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **1st day of July 2016.**

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984).